**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES R. LEONE and SIMILARLY
DEFRAUDED SOCIAL SECURITY
RETIREE BENEFICIARIES,

            **Plaintiffs,**

-vs-                                                  Case No. 6:10-cv-1150-Orl-31GJK

UNITED STATES; MICHAEL J. ASTRUE;
QUITTIE C. WILSON; and UNKNOWN
CO-CONSPIRATORS,

            **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 13) filed by Defendant the United States of America[1] and the response (Doc. 17) filed by the Plaintiff, James R. Leone ("Leone").

In his Amended Complaint (Doc. 11)[2], Leone seeks to recover damages for delays in receiving his Social Security benefits. Leone also claims that the Defendants' actions in connection with delaying his benefits constitute various types of fraud and violate a number of other laws, including RICO statutes and Unfair Trade Practices Acts. Despite his attempt to recast it, Leone's core claim of damages resulting from a delay in receiving his Social Security benefits

---

[1] Defendant Michael Astrue is the Commissioner of Social Security. Defendant Quittie Wilson is the Assistant Regional Commissioner of the Social Security Administration. Claims against them in their official capacity are claims against the United States. CITE

[2] Leone's Second Amended Complaint (Doc. 18) was stricken on January 13, 2011. (Doc. 20).

necessarily arises under the Social Security Act. Per 42 U.S.C. §§ 405(g) and (h), this Court lacks jurisdiction to hear such claims unless the claimant has exhausted his administrative remedies and filed suit in District Court within 60 days of the final decision. Leone has done neither. Leone does argue that the United States is estopped from requiring exhaustion and that jurisdiction was "released" to the District Court. (Doc. 17 at 3). However, neither estoppel nor a "release" can establish subject matter jurisdiction.

Furthermore, the Government asserts that it has not waived its sovereign immunity with regard to the other statutes upon which Leone seeks to base his claim,[3] and Leone does not dispute this statement. Sovereign immunity also extends to suits against government officials sued in their official capacity, such as the individual defendants in this case. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). Accordingly, Leone's claims are also barred by sovereign immunity.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction (Doc. 13) is **GRANTED**, and this matter is **DISMISSED** for lack of subject matter jurisdiction. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 31, 2011.

                                                      GREGORY A. PRESNELL
                                          UNITED STATES DISTRICT JUDGE

---

[3]The United States does permit certain types of tort claims to be brought against it under the Federal Tort Claims Act. However, the waiver does not extend to the claims of fraud and misrepresentation that Leone attempts to assert under that act. *See* 28 U.S.C. § 2680(h) (stating that FTCA does not apply to "any claim arising out of . . . misrepresentation [or] deceit").

Copies furnished to:

Counsel of Record
Unrepresented Party